OPINION
{¶ 1} Appellant, Demos M. Watkins, appeals a judgment of the Allen County Common Pleas Court sentencing him to six years in prison. Watkins asserts that his resentencing, pursuant to the mandate in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, was improper because it retroactively applied sentencing laws in violation of his right to be free from ex post facto laws. For the reasons articulated by this court in Statev. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we affirm the judgment of the trial court.
 {¶ 2} On November 26, 2003, Watkins entered a plea of guilty to two counts of trafficking in cocaine, felonies of the second degree, in violation of R.C. 2925.03(A), (C)(4)(e). On January 20, 2004, a sentencing hearing was conducted, at which time, Watkins was sentenced to three years in prison on each count, to be served consecutively.
 {¶ 3} Thereafter, Watkins filed a direct appeal of his sentence. Ultimately the Supreme Court of Ohio reversed his sentence and remanded the matter to the trial court for resentencing pursuant to its decision in Foster.
 {¶ 4} On June 26, 2006, a new sentencing hearing was held whereat the trial court sentenced Watkins to the identical six-year sentence as previously imposed. From this sentence, Watkins takes the instant appeal, setting forth a single assignment of error:
The sentence imposed on remand was imposed pursuant to ajudicially created version of Ohio sentencing laws that, appliedretroactively to Mr. Watkins, violated his right to freedom fromex post facto laws.
 {¶ 5} Watkins argues that the application of Foster to his sentence violates the ex post facto clause of the United States Constitution and that his due process rights are violated because the effect of Foster is to create an ex post facto law. He contends that the retroactive application of Foster increases the penalty for his offense that was committed prior to the decision in Foster. Watkins also argues that pursuant to Bouiev. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, the application of Foster has unconstitutionally deprived him of his right to fair warning of a criminal prohibition.
 {¶ 6} However, for the reasons articulated by this court inMcGhee, we find no merit in Watkins' arguments that his sentence violates due process rights. Watkins entered his plea of guilty on November 26, 2003. He was sentenced to a six-year term of incarceration on January 20, 2004. He filed an appeal with this court, and we affirmed the trial court's judgment and sentence. Watkins then filed an appeal with the Supreme Court of Ohio. The Supreme Court announced its decision in Foster on February 27, 2006, and thereafter reversed the judgment of this court and remanded the case to the trial court for resentencing.
 {¶ 7} On June 26, 2006, the trial court resentenced Watkins to the same six years imprisonment as before. We note as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000),530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur. This supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for Watkins' felonies has remained unchanged, so he had notice of the potential sentence for his offenses. Therefore, we find Watkins' assignment of error without merit and overrule the same.
 {¶ 8} For the foregoing reasons, the judgment of the Allen County Common Pleas Court is hereby affirmed.
Judgment Affirmed
 ROGERS and SHAW, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)